IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MAURICE BERNARD STEWART, JR.,      *

    Plaintiff,                                      *

v.                                                           *       Civil Action No. GLR-18-2562

MARYLAND OFFICE OF THE PUBLIC      *
DEFENDER, et al.,
                                                     *

    Defendants.
                                                   *****

## MEMORANDUM OPINION

Plaintiff Maurice Bernard Stewart, Jr., an inmate at the North Branch Correctional Institution in Cumberland, Maryland, brought suit under 42 U.S.C. § 1983 (2018) against the Maryland Office of the Public Defender ("OPD") as well as OPD employees Paul B. Dewolf, Becky Feldman, Initia Lettau, and James Nichols, in both their official and personal capacities. (ECF No. 1). Stewart filed with his Complaint a Motion for Leave to Proceed in Forma Pauperis (ECF No. 2), which the Court grants.

Stewart alleges that, in March 2018, he filed a self-represented Petition for Post-Conviction Relief in the Circuit Court for Baltimore City. (Compl. at 2, ECF No. 1). In May 2018, he received a letter from Lettau advising that she had received a copy of his Petition, a file had been opened in her office and that an attorney would be assigned to him in the near future. (Id. at 3). Months passed without contact from an OPD attorney. (Id. at 4). During that time, Stewart wrote to the office on several occasions inquiring about the status of his case. (Id.). Each time he was advised that an attorney would be assigned in the near future. (Id. at p. 5). In August 2018, Stewart received a letter from

Judge Jeannie J. Hong advising that he was required to provide the official trial transcripts to the court and that without the transcripts the court could not proceed with review of the Petition. (Id. at 5−6).

Stewart claims Defendants' failure to assign a public defender to his case infringed upon his due process right. (Id.at 6). He further claims that the delay in assigning counsel has violated his Sixth Amendment right to counsel and his right to access the courts. (Id. at 10−11). Stewart seeks injunctive relief, particularly that the Court direct OPD to assign an attorney to his case. (Id. at 12). He also seeks compensatory and punitive damages. (Id.).

Under 28 U.S.C. § 1915(a)(1) (2018), the Court must screen prisoner complaints and dismiss any complaint that is frivolous or malicious or fails to state a claim upon which relief may be granted. In deciding whether a complaint is frivolous, "[t]he district court need not look beyond the complaint's allegations. It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." White v. White, 886 F.2d 721, 722−23 (4th Cir. 1989).

Stewart brings § 1983 claims. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). Essential to a § 1983 claim are two elements, namely: (1) the plaintiff suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) a person acting under color of law committed the act or omission causing the deprivation. West v. Atkins, 487 U.S. 42, 48

(1988).

Privately retained attorneys, even if appointed by a court, do not act under color of state law. See Hall v. Quillen, 631 F.2d 1154, 1155−56 (4th Cir. 1980); Deas v. Potts, 547 F.2d 800, 800 (4th Cir. 1976). In addition, public defenders do not act under color of state law when, as in this case, performing a lawyer's traditional function as counsel to a defendant in a criminal proceeding. Polk Cty. v. Dodson, 454 U.S. 312, 453-54 (1981).

Because Stewart fails to state a colorable claim, the Court will dismiss the Complaint as frivolous. The Court reminds Stewart that, under § 1915(g), he will not be granted in forma pauperis status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." A separate Order follows.

/s/
_____
George L. Russell, III
United States District Judge